IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | | |
|---|---|---|
| PAUL C. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:05-CV-845 PGC |
| | ) | |
| v. | ) | District Judge Paul Cassell |
| | ) | |
| CLINT FRIEL et al., | ) | **O R D E R** |
| | ) | |
| Respondents. | ) | Magistrate Judge Brooke Wells |

_____

Petitioner, inmate Paul C. Allen, filed a habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2006). In it, he challenges his aggravated murder conviction, for which he was sentenced to life in prison with the possibility of parole.

Petitioner's conviction was affirmed by the Utah Supreme Court on February 11, 2005. Petitioner then asked the United States Supreme Court to review his case and was denied. That Court finally denied a rehearing request on December 12, 2005.

Meanwhile, on October 11, 2005, Petitioner simultaneously filed a state petition for post-conviction relief and this federal habeas petition, presenting what appears to be essentially the same brief to support each petition. The State moves to dismiss this federal petition, arguing that--because a state petition is pending on the very issues raised here-- Petitioner has not met exhaustion requirements. Petitioner responds with some vague, unsupported assertions about the state process being ineffective to protect his rights.

As the State notes, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all available remedies in the Utah courts. *See id. § 2254* (b) & (c); *Picard v. Connor*, 404 U.S. 270, 275, 276, 92 S. Ct. 509, 512 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 92 S. Ct. at 512-13. Moreover, "the pending state action might result in reversal of the conviction, mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002). On the basis of failure to exhaust, then, this federal petition is barred because of Petitioner's pending state habeas case.[1]

A related ground for denying this federal petition is the *Younger* abstention doctrine. *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined

---

[1] This Court recognizes it has authority to deny unexhausted claims on the merits, but determines that course is not called for here, when at least one of Petitioner's claims--ineffective assistance of counsel--seems to present a federal question and is not so obviously meritless as to warrant treatment by this Court at this time. *See Rudolph v. Galetka*, No. 99-4207, 2000 U.S. App. LEXIS 4349 (10th Cir. Mar. 21, 2000) (unpublished).

2

in *Younger v. Harris*, 401 U.S. 37, 44 (1971).  *Preiser v. Rodriguez*, 411 U.S. 475, 491, 93 S. Ct. 1827, 1837 (1973).  The test for determining whether to abstain has three parts:  "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'"  *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982)).

   Applying the test here, the Court first determines based on documents filed by both parties that there is a pending state judicial proceeding.  Second, although habeas cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'"  *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks--both here and in state court--the criminal proceedings underlying his conviction, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest.  *Id.*  Finally, Petitioner has an adequate chance to raise any of his federal

constitutional challenges in state court.  In fact, as explained above, by federal statute, he *must* raise his challenges in state court first before bringing them here.  *See* 28 U.S.C.S. § 2254 (b) & (c) (2006); *Picard*, 404 U.S. at 275; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

   Accordingly, IT IS HEREBY ORDERED that Respondent's motion to dismiss is granted.  Petitioner's § 2254 petition is dismissed without prejudice.

        DATED this 11th day of January, 2007.

            BY THE COURT:


            _____
            PAUL G. CASSELL
            United States District Judge